972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Earl BREWER, Defendant-Appellant.
 No. 91-5460.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 15, 1992
Decided: July 31, 1992
 
 Robert M. Mullens, Elkins, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins, West Virginia, for Appellee.
 Before PHILLIPS, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Earl Brewer appeals from the sentence imposed by the district court following his plea of guilty to a violation of 21 U.S.C. § 846 (1988). We affirm.
 
 
 2
 Earl Brewer and eight co-defendants were indicted in the Northern District of West Virginia for violations of 21 U.S.C. §§ 841(a)(1) & 846 (1988), as well as other related charges. Brewer entered into a plea agreement and a cooperation agreement with the Government, and subsequently pled guilty to violation of § 846, conspiracy to possess with intent to distribute and to distribute cocaine. The cooperation agreement barred the Government from using any information obtained from Brewer subsequent to the signing of the agreement in enhancing his sentence.
 
 
 3
 In accordance with the agreements, the Government asked the district court to make a substantial downward departure pursuant to United States Sentencing Commission, Guidelines Manual, § 5K1.1 (1991), and to sentence Brewer at the low end of the resulting guideline range. The district court denied the motion, stating that it did not feel that Brewer was entitled to a reduction because he had been involved in the interstate transportation of narcotics.
 
 
 4
 Brewer appeals, arguing that the district court relied on information excluded by the cooperation agreement in denying the downward departure. We granted the parties motion to submit this case on the briefs.
 
 
 5
 Refusals to depart downward are ordinarily not appealable. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990). However, where the district court considered information excluded by a cooperation agreement in denying a section 5K1.1 departure, this constitutes appealable error. United States v. Malvito, 946 F.2d 1066, 1068 (4th Cir. 1991).
 
 
 6
 In the Government attorney's summary of the evidence she stated that the Government knew at the time of his arrest that Brewer was returning from Florida with a substantial quantity of cocaine. Because the Government was aware at the time of his arrest that Brewer was engaged in interstate transportation of narcotics, the court did not rely on prohibited information in denying the motion.
 
 
 7
 We find the other challenges to his sentence raised by Brewer to be without merit. Accordingly, the decision of the district court imposing sentence upon Brewer is affirmed.
 
 AFFIRMED