977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John R. COYLE, Defendant-Appellant.
 No. 92-5176.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 28, 1992
Decided: October 21, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville.
 Robert Dale Jacobson, Lumberton, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Coyle was convicted of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 (1988). He appeals his conviction and the sentence imposed. We affirm.
 
 
 2
 Testimony at Coyle's trial, given by his associates and an agent of the Drug Enforcement Administration (DEA), established that in the summer of 1988 Coyle's friend, Luis Ruiz, was living in Fayetteville, North Carolina, with Debbie Lee and selling cocaine from her apartment. Coyle was living in Florida, but was present at the apartment at times. Ruiz introduced Coyle to Adolfo Davis, a confidential informant, as a friend from Florida who had a connection for cocaine.
 
 
 3
 In August 1988, Davis put Ruiz in touch with a DEA agent, who was posing as a prospective customer, and in a recorded phone conversation Ruiz stated that he got cocaine from both Florida and New York and could supply large quantities of good quality cocaine. They agreed that Ruiz would provide one kilogram from Florida as a sample. Ruiz went to Florida but was unable to obtain the kilogram and did not contact the agent as he had promised. He returned to North Carolina with Coyle, who stayed at the apartment in Fayetteville for the next several weeks. During that time, Coyle sold cocaine for Ruiz, according to Debbie Lee. He also phoned the father of his girlfriend in Florida and discussed having large amounts of marijuana sent to North Carolina; and he distributed cocaine to two girls, Shelby King and Cindy Gutierrez.
 
 
 4
 In late August, Ruiz went to New York to buy a kilogram of cocaine. He told Debbie Lee that Coyle would handle his affairs while he was gone; Coyle was also supposed to pick up Ruiz at the bus station on his return. However, Coyle was busy when Ruiz returned and asked Debbie Lee to pick up Ruiz for him. Ruiz was arrested at the bus station with a kilogram of cocaine. Coyle and Debbie Lee, on instructions from Ruiz, then opened a safe Ruiz kept at another friend's house which contained several thousand dollars and several plastic bags of cocaine. The money was used to procure a lawyer for Ruiz; Coyle kept the cocaine.
 
 
 5
 Coyle testified that he visited Ruiz and used cocaine while in Fayetteville, but never sold drugs or was in the drug business. In this appeal, Coyle contends that the district court erred in admitting hearsay evidence of the statements Ruiz made during his recorded phone conversation with the DEA agent because there was insufficient evidence that Coyle was a co-conspirator. He also argues that his motions for acquittal should have been granted because the evidence was insufficient to support a conviction.
 
 
 6
 We find no merit in either argument. The district court admitted the agent's testimony about his phone conversation with Ruiz subject to the government being able to show through later evidence that Coyle was part of Ruiz's conspiracy. Subsequently, the testimony of Davis, Lee, and Gutierrez established that Coyle knew Ruiz was selling cocaine, that Ruiz introduced him to Davis as someone who had connections for cocaine in Florida, and that Coyle participated at least to the extent of distributing cocaine for Ruiz in North Carolina, agreed to meet him on his return from New York with a kilogram of cocaine, and took charge of the cocaine in Ruiz's safe when Ruiz was arrested.
 
 
 7
 To sustain a conspiracy conviction, the evidence must show only that the defendant knew of the conspiracy's purpose and that he took some action indicating his participation in it. United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984), cert. denied, 469 U.S. 1105 (1985); accord United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.), cert. denied, 484 U.S. 834 (1987). Taking the evidence in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), we find that it was sufficient to show Coyle's participation with Ruiz in a conspiracy to sell cocaine, and that Ruiz's statements were admissible as statements of a co-conspirator. Fed. R. Evid. 801(d)(2)(E).
 
 
 8
 This evidence also discloses that the district court was not clearly erroneous in its determinations at Coyle's sentencing hearing that the kilogram was relevant conduct which could be used to calculate his base offense level under guideline section 2D1.1(c),* and that Coyle was not a minor or minimal participant in the conspiracy. We do not review the district court's decision not to depart below the guideline range. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990).
 
 
 9
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)