16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Malinda G. WHITE, a/k/a Lynnwa, Defendant-Appellant.
 No. 93-5690.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 20, 1994.
Decided: Feb. 8, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling; Frederick P. Stamp, Jr., District Judge.
 John J. Pizzuti, Camilletti, Sacco & Pizzuti, Wheeling, West Virginia, for appellant.
 William D. Wilmoth, U.S. Atty., Thomas O. Mucklow, Asst. U.S. Atty., Wheeling, WVA, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER, WILKINS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Malinda G. White pled guilty to one count of conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 846 (West Supp.1993). Pursuant to her plea agreement, eight related counts were dismissed. White appeals her twenty-seven-month sentence. We affirm.
 
 
 2
 White challenged the criminal history points assigned under guideline section 4A1.1(c)* for each of her prior sentences. First, she argued that the one-year Maryland sentence of probation she received in 1984 for disorderly conduct should not be counted because her conviction was invalid. Through her attorney, White represented that she could not remember whether she had counsel at the time of the conviction. There was no state record to show whether she had been represented by counsel or had validly waived counsel. However, the probation officer informed the district court that Maryland law entitled White to counsel. The court considered White's challenge on the merits, applied the test set out in United States v. Jones, 977 F.2d 105 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3583 (U.S.1993) (Jones II ), and correctly determined that White had not carried her burden of proof.
 
 
 3
 Second, White contended that her 1989 sentence of seven days jail and one year inactive probation for shoplifting should not be counted because the offense was similar to certain minor offenses which may be excluded under guideline section 4A1.2(c)(1) when the sentence is less than thirty days imprisonment or one year of probation. We agree with the district court's decision that the prior sentence was countable. Shoplifting is not similar to the offenses listed. Moreover, even if shoplifting were similar to the offenses listed in section 4A1.2(c)(1), White's sentence of one year of probation would make it a countable offense.
 
 
 4
 White also requested a downward departure for extraordinary family responsibilities because she is a single parent with three children. The district court's decision not to depart is not reviewable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)