21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Wendell SERGEANT, Defendant-Appellant.
 No. 93-5419.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 17, 1994.
Decided April 5, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-92-329-2)
 James Weimer Shepherd, Shepherd & Shepherd, Charleston, WV, for appellant.
 Rebecca A. Betts, U.S. Atty., Hunter P. Smith, Jr., Asst. U.S. Atty., Charleston, WV, for appellee.
 S.D.W.Va.
 DISMISSED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Wendell Sergeant entered a guilty plea to possession of more than fifty grams of crack cocaine with intent to distribute in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993), 18 U.S.C. Sec. 2 (1988). He was sentenced as a career offender to a term of 262 months. United States Sentencing Commission, Guidelines Manual, Sec. 4B1.1 (Nov.1992). He appeals his sentence, asserting that the district court failed to address adequately various mitigating factors when it denied his motion for a departure under U.S.S.G. Sec. 4A1.3. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Sergeant agreed at sentencing that the career offender guideline applied in his case. His principal argument for a departure was that his prior felony convictions for robbery and attempted robbery were actually minor pickpocketing offenses, and therefore, that career offender status seriously over-represented his criminal record. Sergeant also contended that his sentence was unfair because his codefendant would likely receive a lesser sentence, while conceding that disparity of sentences among co-defendants is not a permissible ground for departure. Our review of the record discloses that the district court's authority to depart was never in question, that the court considered Sergeant's arguments in favor of a departure, and that it exercised its discretion in deciding not to depart. We have previously held that a refusal to depart is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 3
 We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 DISMISSED.