40 F.3d 1244
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Debra DOBKOWSKI, Defendant-Appellant.
 No. 93-5961.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1994.
Decided November 2, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-93-359-A)
 Gregory B. English, JACOBOVITZ, ENGLISH & SMITH, Alexandria, VAa, for appellant. Helen F. Fahey, United States Attorney, David Barger, Assistant United States Attorney, Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL, WILKINSON, and WILKINS, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Debra Dobkowski appeals the sentence of 21 months she received after she pled guilty to wire fraud, 18 U.S.C.A. Sec. 1343 (West Supp.1994), 18 U.S.C.A. Sec. 2 (West 1969) (Counts 2 and 3); bank fraud, 18 U.S.C.A. Sec. 1344 (West Supp.1994) (Counts 4 and 6); mail fraud, 18 U.S.C.A. Sec. 1341 (West Supp.1994) (Count 5); and structuring currency transactions to evade reporting requirements, 31 U.S.C.A. Secs. 5322, 5324(a)(3) (West Supp.1994) (Count 7). Dobkowski contends that the district court erroneously believed that it lacked the authority to depart downward for diminished capacity under United States Sentencing Commission, Guidelines Manual, Sec. 5K2.13, p.s. (Nov.1993), and that it erred in considering structured transactions not alleged in Count 7 as relevant conduct.
 
 
 2
 At the sentencing hearing, Dobkowski requested a downward departure under Sec. 5K2.13, p.s. for diminished capacity. She submitted letters from a doctor and a psychotherapist who reported that she was suffering from depression and post-traumatic stress disorder. The district court declined to depart. While a decision not to depart downward is not reviewable on appeal, a refusal to depart which is based on "the district court's mistaken view that it lacked the authority to depart" may be appealed. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Our review of the sentencing colloquy demonstrates that the district court recognized its authority to depart, but simply concluded that departure was not warranted.
 
 
 3
 Dobkowski also contends that only the $34,200 in currency which she structured into her four bank accounts on September 10, 1992, the basis for her guilty plea to Count Seven, should have been used to calculate her offense level for her structuring conviction. She argues that the structured deposits the district court found to be relevant conduct were legal transactions and that the Government failed to prove by a preponderance of the evidence that they were illegal. See Ratzlaf v. United States, 114 S.Ct. 655 (1994) (holding that to prove a violation of 31 U.S.C.A. Sec. 5324 the Government must show not only that the defendant intended to evade the currency reporting requirements, but that he knew his actions were unlawful). She further contends that the district court erred in not holding an evidentiary hearing to resolve this disputed issue. See U.S.S.G. Sec. 6A1.3, comment.
 
 
 4
 With respect to Dobkowski's claim that the other structured deposits which she directed were legal transactions, her own statements provided proof to the contrary. In a letter to the district court, Dobkowski wrote that she had not understood the seriousness of the structuring offenses and that her coconspirators, who had acted at her direction in completing the other structured transactions, had not known that their conduct was illegal. Moreover, Dobkowski insisted in her statements to the probation officer and the district court that she directed her coconspirators to structure their deposits. This evidence demonstrates that Dobkowski knew the conduct she directed was illegal. Relevant conduct includes conduct which the defendant counseled, induced, or willfully caused. U.S.S.G. Sec. 1B1.3(a)(1)(A). Thus, we cannot conclude that the finding of the district court that the structured deposits of $339,300 were relevant conduct was clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 5
 Finally, the district court did not fail to conduct an evidentiary hearing; the sentencing hearing itself provided Dobkowski with an opportunity to present evidence. The Government's evidence of illegal structuring was contained in the presentence report, and Dobkowski's letter to the judge provided further evidence of the willfulness of her conduct and of her responsibility for the $339,300. Dobkowski had an opportunity to rebut the Government's evidence or present evidence of her own at the sentencing hearing. Thus, the requirements of Federal Rule of Criminal Procedure 32 and U.S.S.G. Sec. 6A1.3 were fully met.
 
 
 6
 Accordingly, we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED