61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Paul COX, Defendant-Appellant.
 No. 94-5949.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 22, 1995.
Decided: July 12, 1995.
 
 James R. Fox, Jory & Smith, Elkins, WV, for Appellant. William D. Wilmoth, United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins, WV, for Appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Paul Cox entered a guilty plea to one count of armed bank robbery, 18 U.S.C.A. Sec. 2113(a), (d) (West Supp.1995), 18 U.S.C. Sec. 2 (1988). He appeals his 87-month sentence, contending that the district court erred in departing upward from the guideline range, in refusing to depart downward for coercion and duress, USSG Sec. 5K2.12, p.s.,* and in finding that he had more than a minor role in the offense. USSG Sec. 3B1.2. We affirm in part and dismiss in part.
 
 
 2
 Cox robbed a bank in Beverly, West Virginia, with David Pingley and Donald Shiflett. Cox and Shiflett entered the bank, took $20,925, and at gunpoint ordered all the people present into the bank vault. Cox closed the vault door but it failed to lock.
 
 
 3
 The probation officer computed Cox's offense level at 25; the calculation did not include an enhancement for physical restraint under guideline section 2B3.1(b)(4)(B) because the victims were not actually locked in the vault. With a criminal history category of I, Cox's guideline range was 57-71 months. However, the probation officer recommended an upward departure for three reasons: (1) the victims were restrained for all practical purposes in the bank vault, (2) an unusually vulnerable victim, a twelve-year old girl, was one of those placed in the vault, and (3) two other victims suffered physical injury (aggravation of high blood pressure and systemic lupus) as a result of the experience.
 
 
 4
 Cox objected to the recommendation for an upward departure and the failure to recommend an adjustment for minor role, USSG Sec. 3B1.2(b), and requested a downward departure for coercion and
 
 
 5
 duress, USSG Sec. 5K2.12. At the sentencing hearing, the district court heard Cox testify that he participated in the robbery only because Shiflett and Pingley threatened to kill him or members of his family if he refused. The court then adopted the probation officer's recommendations and responses to Cox's objections, and departed upward by two levels.
 
 
 6
 We first address the upward departure, noting that the same departure was made in Shiflett's case, and the sentence has been affirmed by a panel of this court. United States v. Shiflett, No. 94-5640 (4th Cir. May 25, 1995) (unpublished). The panel which reviewed Shiflett's sentence held that an enhancement was warranted under section 2B3.1(b)(4)(B) because the victims were effectively forced to remain in the vault, even though the vault was not locked, in that they risked being shot if they attempted to leave. Thus, a departure was not justified under the test set out in United States v. Hummer, 916 F.2d 186, 192 (4th Cir.1990), cert. denied, 499 U.S. 970 (1991), because physical restraint was adequately considered under the applicable guideline. However, the 2-level increase could be affirmed. While unpublished decisions are not binding precedent in this circuit, we agree with the approach taken in that case, and apply it here as well. We therefore find that the 2-level increase in Cox's offense level was warranted, not as a departure, but rather under section 2B3.1(b)(4)(B).
 
 
 7
 Next, we find that the district court did not clearly err in rejecting Cox's contention that he had a minor role in the offense. Although Cox testified that he had been coerced into participating in the robbery, the presentence report contained information from his codefendants which disclosed that Cox had helped plan the robbery; moreover, he acted in tandem with Shiflett during the actual robbery. Finally, the district court's decision not to depart on the basis of coercion and duress is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 8
 We therefore affirm the sentence imposed by the district court. That portion of the appeal which contests the district court's decision not to depart for coercion and duress is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, DISMISSED IN PART
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)