UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5469

EDDIE YOUNG, III, a/k/a Bobo,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5561

DIANE YOUNG CURRY,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5571

TYRONE YATES,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-30136)

Submitted: March 12, 1996

Decided: March 27, 1996

Before MURNAGHAN, ERVIN, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tracy Weese, Shepherdstown, West Virginia; Christopher P. Riley, Wheeling, West Virginia; Jeffrey W. McCamic, MCCAMIC & MCCAMIC, Wheeling, West Virginia, for Appellants. William D. Wilmoth, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Eddie Young, III, Diane Young Curry, and Tyrone Yates ("Appellants") each pled guilty to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988) and were sentenced respectively to 135 months, 108 months, and 87 months. They contend that the disparity in sentencing guidelines for cocaine base and cocaine powder resulted in an equal protection violation, and that they should be resentenced because the trial court allegedly failed to make a finding of fact that the substance they distributed was "crack" cocaine. Additionally, Curry also appeals the district court's refusal to depart downward under USSG § 5K2.13 (Nov. 1995) for her reduced mental capacity. She claims the district court failed to realize it had the authority to depart. Finding no error, we affirm.

We reject the Appellants' first argument, as we specifically have held that the cocaine base/cocaine powder disparity does not violate the Equal Protection Clause of the Fifth Amendment. See United States v. Fisher, 58 F.3d 96 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923); United States v.

2

Bynum, 3 F.3d 769 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3552 (U.S. Feb. 22, 1994) (No. 93-7295).

We also reject the Appellants' second argument, since they each accepted plea agreements specifically characterizing the substance they distributed as "crack," fully agreed to the plea agreements during Fed. R. Crim. P. 11 colloquys, and stipulated to relevant conduct involving "crack" cocaine.

Finally, we also reject Curry's argument regarding the downward departure. This court may not review a district court's refusal to depart downward unless it was based on an erroneous belief that it lacked the authority to do so. United States v. Hypolite, 65 F.3d 1151, 1159 (4th Cir. 1995) (citing United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990)). In rejecting Curry's motion for a downward departure, the court stated

> [w]hile I might have the authority for some discretion to apply the Guideline, I simply believe that the facts in this case do not justify or warrant the reduction in sentence, using this policy statement of this Guideline. So, I am going to deny the motion for a downward departure.

The statement does not reflect an erroneous belief by the district court that it lacked the authority to depart, but a belief that Curry did not deserve the departure. Accordingly, the district court's decision is not reviewable. Hypolite, 65 F.3d at 1159.

Accordingly, we affirm the Appellants' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3