929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barbara Lee HUDSON, Defendant-Appellant.
 No. 90-5504.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1991.
Decided April 8, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CR-88-239-HAR)
 Fred Warren Bennett, Federal Public Defender, Beth M. Farber, Assistant Federal Defender, Baltimore, Md., for appellant.
 Breckinridge L. Willcox, United States Attorney, Glenda G. Gordon, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Barbara Hudson pled guilty to conspiracy to distribute over five kilograms of cocaine in violation of 21 U.S.C. Sec. 846. She contends on appeal that the district court erred in failing to decrease her offense level on the basis that she had a minor role in the offense and in failing to depart on other grounds. We affirm.
 
 
 2
 Hudson was one of several couriers who transported cocaine from Florida to Maryland where it was sold to a number of regular customers at the couriers' hotel rooms in Baltimore. At her sentencing, she requested a reduction in offense level for having a minor role. However, the district court denied the adjustment, finding that she had played an important part in keeping cocaine flowing to Maryland for a significant period of time and that there were other defendants less culpable than she. We review this determination under the clearly erroneous standard, United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989), and find no reversible error.
 
 
 3
 Hudson also unsuccessfully requested a downward departure on the ground that most of her criminal activity took place before the sentencing guidelines went into effect, because she made no deliveries from August 1987 to June 1988, and because since her arrest she had married and begun a different life. A refusal to depart is not appealable, United States v. Bayerle, 898 F.2d 28 (4th Cir.1989), unless the resulting sentence is imposed in violation of law--for instance, a judge's mistaken belief that he lacked to authority to depart. Id. at 31. Hudson argues that the district court thought it lacked authority to depart on the ground she offered--that a sentence within the guideline range would be greater than necessary to accomplish the statutory purposes of sentencing. However, the record discloses that the district court understood its authority to depart, but did not perceive a sufficient reason for a departure.
 
 
 4
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.