940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Allen PALMER, Defendant-Appellant.
 No. 90-5233.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1991.
Decided Aug. 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-90-36-1-5)
 Jeffrey Lee Starkweather, Assistant Federal Public Defender, Raleigh, N.C. (Argued), for appellant:
 William E. Martin, Federal Public Defender, Raleigh, N.C., on brief.
 Robert Daniel Boyce, Assistant United States Attorney, Raleigh, N.C. (Argued), for appellee; Margaret Person Currin, United States Attorney, Raleigh, N.C., for appellee on brief.
 E.D.N.C.
 DISMISSED.
 Before DONALD RUSSELL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and ELIZABETH V. HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant George Allen Palmer pleaded guilty to escaping from a federal prison, and at sentencing the district court denied downward departure motions made by both Palmer and the Government. Defendant now attempts to appeal these denials, but, finding such denials unappealable, we dismiss the appeal.
 
 
 2
 In late 1989, Defendant Palmer was convicted in the United States District Court for the Middle District of North Carolina of conspiracy to manufacture and distribute crack cocaine. He was sentenced to five years' imprisonment and began serving this sentence on January 31, 1990, at the non-secure federal prison at Seymour Johnson Air Force Base near Goldsboro, N.C. Around 7:00 p.m. on March 17, 1990, Palmer and a fellow inmate, Derrick Frazier Johnson, escaped from the prison by walking out its unguarded front gate. Palmer and Johnson then went to a local Food Lion store, where in the parking lot they supposedly hijacked a car being driven by a Jeffrey Horn. After forcing Horn from the car, the escapees drove to Greensboro, N.C., where Palmer began staying with friends. Johnson later took a bus to New York, but Palmer remained in Greensboro where, approximately seventy-six hours after his escape, he was apprehended by federal officials.
 
 
 3
 Pursuant to a plea agreement, Palmer thereafter pleaded guilty in the United States District Court for the Eastern District of North Carolina to one count of escaping from a federal prison, 18 U.S.C. Sec. 751(a). Sentencing was held on October 30 and 31, 1990, during which Palmer requested the Court to grant him a downward departure.
 
 
 4
 The Sentencing Guidelines state that a defendant should receive a seven-level reduction in his base offense level if he escaped from a non-secure federal prison and then turned himself in to authorities within ninety-six hours and, during that time, did not commit any felonies. U.S.S.G. Sec. 2P1.1(b)(2). Of course, as Palmer himself acknowledges, he is not eligible for such reduction, as he did not turn himself in and a felony might have been committed in the taking of Horn's car. Still, Defendant asked the Court to grant him some sort of downward departure because he was apprehended before the ninety-six hours had elapsed wherein he could have turned himself in and gotten the seven-level reduction, he was considering turning himself in, and he remained near friends and family in Greensboro, twice resisting attempts by the other escapee to convince him to travel North. The Court, however, found that these actions did not warrant giving a downward departure, stating: "I don't believe I have any authority to do that. I might can consider it in another way in deciding what the sentence is within the Guidelines. But I don't feel that that is grounds for any other relief, certainly not on departure."
 
 
 5
 After this denial, the government itself moved that the Court grant Palmer either a reduction in or a downward departure from his sentencing range, because Defendant had supposedly given authorities substantial assistance in investigating his earlier cocaine distribution conspiracy. To show this assistance, the government produced a motion that recently had been made by the U.S. Attorney in the Middle District of North Carolina to modify Palmer's original cocaine distribution sentence. The lower court below, though, determined not to give the requested reduction or departure:
 
 
 6
 The motion for departure based on substantial assistance is denied. If the Middle District wants to--the judge there wants to give him a downward departure and give him credit on the sentence there because of substantial assistance, that is fine.
 
 
 7
 I don't think it is appropriate to do it in this case for several reasons: One, I don't think there is any justification for escape from the system--from prison. If I find there is no justification for escape, I don't know where you would ever draw the line for it otherwise.
 
 
 8
 If somebody is sentenced to prison for a reason, the only way you get out of there is serve your time or get released, as far as I am concerned, whether there is a guard standing there with a gun or a painted line, as is true in many of the institutions, apparently down there.
 
 
 9
 After denying both motions for downward departure, the Court sentenced Palmer to fifty-one months' imprisonment, the longest sentence possible under the applicable guideline range. Palmer now appeals the sentence given.
 
 
 10
 On appeal, Defendant first objects to the Court's denial of his downward departure motion. In United States v. Bayerle, 898 F.2d 28 (4th Cir.1990), cert. denied, 111 S.Ct. 65 (1990), we held that 18 U.S.C. Sec. 3742 does not authorize an appeal of a discretionary decision by a sentencing court denying a downward departure. Thus the government contends that Palmer cannot appeal this issue. Defendant, though, notes that the sentencing court said that it did not "have any authority" to depart downward, and that in Bayerle we said that one small exception to the general rule is that a defendant can appeal a refusal to downwardly depart if that refusal was based upon the Court's mistaken view that it lacked the authority to depart. 898 F.2d at 31.
 
 
 11
 According to 18 U.S.C. Sec. 3553(b), a sentencing court may impose a sentence outside the guideline range if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." The Guidelines further state that departures can be considered in "atypical" cases involving "unusual circumstances." See U.S.S.G. Secs. 1A4(b) and 5K2.0, p.s. Of course whether such circumstances exist is a decision left entirely to the sentencing court's discretion.
 
 
 12
 After studying the lower court's comments in context, we find that the Court recognized that it did have the authority to grant downward departures in cases involving unusual circumstances. The Court, though, found that the facts proffered here--that Palmer was apprehended after only seventy-six hours and that he had stayed in Greensboro and was supposedly thinking about turning himself in--did not warrant such departure. We find this decision to be entirely discretionary with the lower court and thus, under Bayerle, not appealable.
 
 
 13
 Palmer also attempts to appeal the lower court's denial of the government's downward departure motion. As with the first departure motion, the denial of this motion was also entirely discretionary with the Court, and the nonappealability rule of Bayerle again controls. Accordingly, Defendant's appeal of his sentence is
 
 
 14
 DISMISSED.