961 F.2d 212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Frank P. UNIS, Jr., a/k/a Willie, Defendant-Appellant.
 No. 91-5121.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 13, 1992
Decided: May 6, 1992
 
 Thomas A. Livingston, Pittsburgh, Pennsylvania, for Appellant.AT1William A. Kolibash, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Frank P. Unis, Jr., pled guilty to conspiracy to conduct an illegal gambling business (18 U.S.C. § 371 (1988)) and interstate travel in aid of racketeering (18 U.S.C. § 1952 (1988 & Supp. II) and 2 (1988)). He appeals the sentence imposed on the ground that the district court incorrectly applied the guidelines by failing to depart from the guideline sentence. We affirm.
 
 
 2
 Unis suggested to the sentencing court that a sentence less severe than the guideline sentence would be just because gambling was an accepted activity in Pennsylvania and West Virginia, where his offenses occurred, even though he conceded that he violated the laws of both states. He urged the court to follow the decision in United States v. Davern, 937 F.2d 1041 (6th Cir. 1991), and decide whether a sentence outside the sentencing guidelines was appropriate before determining the applicable guideline sentence. After considering Unis's arguments, the district court decided that it was required to follow the guidelines and that it would not depart, and imposed a sentence at the low point of the guideline range. Unis contends on appeal that in failing to depart the district court disregarded the mandate of 18 U.S.C. § 3553 (1988 & Supp. I) and failed to recognize its authority to depart for reasons other than those identified as possible grounds for departure by the Sentencing Commission in United States Sentencing Commission, Guidelines Manual,s 5K2.0 (Nov. 1990).
 
 
 3
 This Court has previously held that a decision not to depart is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990). Further, our review of the record discloses that the district court was aware of its authority to depart and chose not to exercise it. We note that guideline section 5K2.0 explicitly states that the sentencing court may identify factors other than those listed which justify a departure. We note also that the Sixth Circuit's decision in Davern is not precedent in this circuit and has been vacated pending rehearing.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED