963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Dannell JONES, Defendant-Appellant.
 No. 91-5863.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 4, 1992
Decided: June 1, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CR-91-11)
 Larry J. McGlothlin, Fayetteville, North Carolina, for Appellant.
 Margaret P. Currin, United States Attorney, Robert E. Skiver, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Henry Dannell Jones pled guilty to possession with intent to distribute twenty-four kilograms of cocaine (21 U.S.C.s 841(a) (1988)). He appeals the sentence he received on the ground that the district court erred in failing to recognize that it had the authority to depart below the statutory minimum sentence of ten years. We affirm.
 
 
 2
 In sentencing Jones, the district court was initially disposed to depart considerably below the mandatory minimum sentence on the basis of diminished capacity, but imposed the ten-year sentence after failing to discover any authority for a departure below the mandatory minimum sentence without a government motion for a departure because of substantial assistance. The government was unable to make such a motion in this case. On appeal, Jones argues that the district court had the authority to make the departure under 18 U.S.C.A. § 3553(b).
 
 
 3
 A decision not to depart is not normally reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990). However, if the district court wrongly believed it could not depart, resentencing would be necessary. United States v. Wilson, 896 F.2d 856 (4th Cir. 1990). In this case, the district court was correct in its belief that it lacked the authority to make the departure contemplated. See United States v. Crittendon, 883 F.2d 326 (4th Cir. 1989) (statutory sentence supersedes sentencing guidelines and Congressional decision to create mandatory sentence is beyond court's appellate jurisdiction).
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED