972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
U.S. of America, Plaintiff-Appellee,
v.
Tony DOCKERY, Defendant-Appellant.
 No. 92-5097.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 20, 1992
Decided: August 3, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-91-54)
 James M. Cooper, Cooper, Davis & Cooper, Fayetteville, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Maura A. Fennelly, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 Dismissed.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tony Dockery was convicted by a jury of assaulting a law enforcement officer (18 U.S.C. § 13 (1988) assimilating N.C. Gen. Stat. § 14-33(b)(4) (1986)) and communicating a threat (18 U.S.C. § 13 (1988) assimilating N.C. Gen. Stat. § 14-277.1 (1986)). He appeals the guideline sentence imposed on the assault conviction,[1] contending that the district court erred in not departing downward. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Dockery argued at the sentencing hearing that his criminal history category over-represented the seriousness of his past criminal conduct, particularly with respect to a 1976 New York conviction for second degree robbery and a 1981 Arizona conviction for unlawful means of transportation. The Arizona offense involved possession of a stolen moped on which the ignition lock was broken, the stick-on decal for the vehicle identification number and license plate had been removed, and the vehicle identification number on the frame had been altered.
 
 
 3
 Dockery requested a downward departure pursuant to guideline section2 4A1.3, which the district court declined to make. He argues on appeal that the district court erred in not departing. We have previously held that a failure to depart is not appealable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990).[3] We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 [1]
 The conviction for communicating a threat was a Class B misdemeanor to which the sentencing guidelines do not apply. U.S.S.G. § 1B1.9
 
 
 [2]
 United States Sentencing Commission, Guideline Manual (Nov. 1991)
 
 
 [3]
 To the extent that Dockery contends the Arizona conviction should have been excluded from his criminal history calculation, we find that the conviction was properly included because the offense was a felony with a maximum penalty of one and one-half years imprisonment. Ariz. Rev. Stat. Ann. §§ 13-701, 13-1803 (1989); U.S.S.G. § 4A1.2(c). To the extent that he attempts to argue that assigning points for his New York conviction was a deprivation of due process, he has waived the issue by failing to raise it in the district court. United States v. Davis, 954 F.2d 182 (4th Cir. 1992), and we find no plain error in the sentence computation