**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 95-5601

JERALD WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-66-A)

Argued: June 6, 1996

Decided: July 23, 1996

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge, and
CURRIE, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Benjamin Smith, ENGLISH & SMITH, Alexan-
dria, Virginia, for Appellant. John Jude Farley, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.
**ON BRIEF:** Helen F. Fahey, United States Attorney, Mark D.
Rubino, Special Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerald Williams appeals his conviction for prisoner possession of a shank, and his sentence of twelve months in prison for the offense. Williams asserts that the district court erred in refusing to give the jury a self-defense instruction and refusing to grant him a downward departure for acting in self-defense. Because we find that the circumstances of Williams' crime did not support a self-defense instruction, we affirm the conviction and sentence.

I.

Williams testified that he was lying on his bed on November 4, 1994, when another inmate at the Occoquan Facility at Lorton Reformatory, Rico Thomas, approached him with a buck knife and homemade shank (a sharpened metal rod). Williams said that after being stabbed in the neck and head, he wrestled the shank from Thomas and struck back. When Thomas ran away, Williams paused to put on his tennis shoes, then pursued Thomas. Stabbing, chasing and chairthrowing ensued, ending when correctional officers intervened and confiscated the weapons.

While no one disputed William's account of how the altercation began, the trial judge declined to instruct the jury on self-defense because the immediate threat to Williams had subsided when he began chasing after Thomas. Williams was found guilty of possession of the shank, in violation of 18 U.S.C. § 13 assimilating Va. Code § 53.1-203(4) on April 25, 1995.

II.

A.

Williams first contends that the court should have instructed the jury to consider self-defense as justification for his possession of the

2

shank. The district court reasoned that Williams chased Thomas only after stopping to put on his shoes; he was thus not in the kind of immediate danger that a self-defense instruction would encompass. We agree with this reasoning.

While we sympathize with the plight of a prisoner being attacked by a fellow inmate, we cannot sanction retributive behavior characteristic of a regime of inmate self-help. Under our case law, defendants claiming self-defense to a weapons possession charge must show that they are threatened by imminent danger of death or serious injury, and that they have no reasonable legal alternative. United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989). The moment Williams paused to put on his shoes and chase after Thomas, he switched from the role of defender to avenger. Instead of hailing a guard for protection, he took after his assailant. Under these circumstances, the district court properly determined that Williams was not entitled to a Crittendon instruction.

B.

Williams' second ground for appeal--that the judge failed to reduce the sentence for self-defense--also fails. Under Fourth Circuit precedent, a judge's decision not to downward depart from the guideline range is unreviewable. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.) cert. denied 498 U.S. 819 (1990). The only exception to this rule is if the district court mistakenly believed that it lacked authority to depart downward. Such was not the case here. The district judge received memoranda from both parties and from a probation officer on the issue of downward departure, and heard oral argument from the defense. The court stated in response, "I don't find any circumstances that would warrant a downward departure." The trial judge thus exercised his discretion not to depart downward, and we cannot review that decision.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

3