**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4107

SHAWN SHOWALTER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-22)

Submitted: December 19, 1996

Decided: January 3, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

William C. Gallagher, CASSIDY, MYERS, COGAN, VOEGELIN &
TENNANT, L.C., Wheeling, West Virginia, for Appellant. William
D. Wilmoth, United States Attorney, Sam G. Nazzaro, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Shawn Showalter appeals the 120-month sentence he received after he pled guilty to conspiracy to possess with intent to distribute and to distribute crack cocaine in violation of 21 U.S.C.A. § 846 (West Supp. 1996). He contends that the district court erred by not granting his request for a departure from criminal history category II because it overstated his prior criminal history and the likelihood that he would commit further crimes and because it prevented him from qual- ifying for the safety valve provision in 18 U.S.C.A.§ 3553(f) (West Supp. 1996), and U.S.S.G. § 5C1.2.* We dismiss the appeal.

At sentencing, the district court recognized its authority to depart but chose not to based on the evidence presented at the hearing. The court concluded that Showalter's criminal history category was not overstated because he committed the instant offense while on proba- tion. The district court's discretionary decision not to depart is not appealable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).

To the extent Showalter claims that his sentence is appealable because the court misapplied the safety valve provision, we reject his claim. To be eligible for a sentence under the safety valve provi- sion, a defendant must not "have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C.A. § 3553(f)(1); U.S.S.G. § 5C1.2(1). Application Note 1 to U.S.S.G. § 5C1.2 states that the phrase "as determined under the sentencing guidelines," means "as determined under U.S.S.G. § 4A1.1 (Criminal History Category)." Even if the court had departed from criminal his- tory category II, Showalter would not have been eligible for the safety

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

valve provision because he had three criminal history points under U.S.S.G. § 4A1.1. <u>See United States v. Resto</u>, 74 F.3d 22, 27-28 (2d Cir. 1996).

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3