**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4472

ROY LEE HARKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-94-287)

Submitted: June 19, 1997

Decided: July 7, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Bradley J. Cameron, Wilkesboro, North Carolina, for Appellant. Wal-
ter C. Holton, Jr., United States Attorney, Arnold L. Husser, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Roy Lee Harker pled guilty to one count of knowingly receiving, acquiring, purchasing, and transporting live red foxes in violation of the Lacey Act, 16 U.S.C.A. § 3372 (West 1985 & Supp. 1997), and was sentenced to a term of 46 months imprisonment. Harker appeals his sentence, alleging that the district court clearly erred in finding that he had not accepted responsibility for his criminal conduct, USSG § 3E1.1,* and that he was an organizer or leader, USSG § 3B1.1. He also contends that the court erred in failing to depart downward based on his age and physical condition. We affirm in part and dismiss in part.

For about seven years, Harker bought live red foxes in various western states and sold them to owners and operators of fox hunting preserves in North Carolina and other southeastern states. In the course of his business, Harker advertised his willingness to buy live red foxes in a trapper's magazine and traveled west several times a year. Although Harker entered a guilty plea to one of the six counts charged against him, he denied knowing that his conduct was illegal. He also received an adjustment for obstruction of justice (which he did not contest) because he refused to admit or provide information about the involvement of another person who was also targeted in the investigation. Conduct which warrants an adjustment for obstruction of justice normally indicates that a defendant has not accepted responsibility for his offense. USSG § 3E1.1, comment. (n.4). Considering the facts before the district court, we have no difficulty in finding that the court properly denied Harker an adjustment for acceptance of responsibility.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

We also find that the court did not clearly err in finding that Harker was a leader or organizer. See United States v. Harriott, 976 F.2d 198, 202 (4th Cir. 1992) (defendant's role in offense is factual question). Harker argues that he simply made a series of unrelated sales to individuals who did not know each other. While he did not create or lead an organization in the usual sense, Harker maintained a network of people who trapped foxes for him on the one hand and bought foxes from him on the other hand, many of whom were subsequently prosecuted. By buying and transporting red foxes into North Carolina illegally, Harker not only committed a crime but made it possible for preserve owners to obtain red foxes "the easy way," instead of buying legal animals. The district court's decision not to depart on the basis of Harker's age and ill health is not reviewable. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

We therefore affirm the sentence imposed. We dismiss that portion of the appeal which challenges the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

3