**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4749

RITA R. GARZAREK,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-97-8)

Submitted: August 18, 1998

Decided: September 9, 1998

Before WILKINS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brent E. Beveridge, Fairmont, West Virginia, for Appellant. William
D. Wilmoth, United States Attorney, Sharon L. Potter, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Rita R. Garzarek pled guilty to an information charging her with making false statements on a loan application, 18 U.S.C.A. § 1014 (West Supp. 1998), and misprision of a felony, 18 U.S.C. § 4 (1994). She received a sentence of four months imprisonment in a halfway house followed by three years of supervised release, with the first four months to be served in home detention. Garzarek appeals her sentence, contending that the district court abused its discretion when it refused to depart downward under USSG § 5K2.0, p.s.,**1** and erred in applying two-level enhancements under USSG § 2S1.2(b)(1)(B) (for knowing use of funds that were proceeds of a "specified unlawful activity" as defined in 18 U.S.C.A. § 1956(c)(7) (West Supp. 1998)), and USSG § 2S1.2(b)(2) (because the value of the funds exceeded $100,000).**2** We affirm.

Between 1992 and 1995, Garzarek's husband was involved in a fraudulent investment scheme. Garzarek was not active in the scheme, but packages containing money orders and cash from duped investors were received at her home and her parents' home. Garzarek and her relatives benefited from the scheme, living lavishly for a few years. In May 1992, Garzarek falsely stated on a Visa/Mastercard application that she was employed by Monster Motors in Decatur, Georgia, and earned $1400 a month. She received the cards and used them to make purchases worth $123,078; payments were made with money from investors. Although initially Garzarek's husband assured her that the money was honestly earned, he told her in March 1994 that he was being investigated and divorced her to insulate her from the potential consequences of the investigation. In May 1994, when a search warrant was executed at Garzarek's home, investigating agents

_____

**1** U.S. Sentencing Guidelines Manual (1995).
**2** The guideline applicable to a violation of 18 U.S.C. § 4, USSG § 2X4.1, provides for a base offense level 9 levels lower than the base offense level for the underlying offense. In this case, the underlying offense was Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, 18 U.S.C. § 1957 (1994), and the applicable guideline was USSG § 2S1.2.

explained to Garzarek the illegal nature of her former husband's activities. However, she revealed nothing that she knew to them and continued to spend money she received from her former husband. In her plea agreement, Garzarek stipulated that she knew of fraudulently obtained investments totaling between $200,000 and $350,000.

We first find that we lack jurisdiction to review the district court's decision not to depart downward. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990). In Koon v. United States, 518 U.S. 81 (1996), on which Garzarek relies, the Supreme Court set out the test to be applied by an appeals court when the sentencing court has departed. Here, the district court considered Garzarek's request for a departure but decided that departure was not appropriate in her case.

Second, we find no error in the district court's application of the two-level enhancements in USSG § 2S1.2(b)(1)(B) and (b)(2).**3** The subsection (b)(1)(B) enhancement applies if "the defendant knew that the funds were the proceeds of any other specified unlawful activity [i.e., one not involving controlled substances] (see 18 U.S.C. § 1956(c)(7))." In this case, the specified unlawful activity was fraud. Garzarek argues that the enhancement should be applied only if the value of the funds the defendant knowingly used totaled at least $100,000, that she became aware of the specified unlawful activity on May 1994, and that after that date she used property worth only $59,993. Her argument fails because USSG § 2S1.2(b)(1)(B) contains no limitation on amount, although subsection (b)(2) provides for an increase in offense level if the value of the funds used exceeded $100,000. At sentencing, Garzarek did not challenge the two-level enhancement she received under subsection (b)(2). When there is no objection to a finding recommended in the presentence report, the district court is free to adopt the recommendation without further inquiry. See United States v. Williams, ___ F.3d ___ (4th Cir. July 30, 1998) (No. 96-4162). Our review of the court's decision is limited to plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). We find no plain error. Even if we assume that Garzarek was entirely unaware of the nature of her husband's illegal activity until May 1994, subsection (b)(2) does not require that the defendant have

_____

**3** Appellant appears to conflate the two subsections in her argument. We have, therefore, assumed that she wishes to contest both of them.

3

knowledge that the funds involved in the offense were the proceeds of a specified unlawful activity. <u>See</u> USSG§ 2S1.2, comment. (n.1).

The sentence is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4