**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4147

HERBERT SMART, a/k/a Panama,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-97-25)

Submitted: November 30, 1998

Decided: December 21, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Edgar Demps, Portsmouth, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Laura M. Everhart, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Herbert Smart appeals from a judgment order entered pursuant to a jury verdict finding Smart guilty of multiple counts of conspiring to distribute, distribution of, and possession with intent to distribute, cocaine. On appeal, Smart challenges the district court's finding that he was competent to stand trial and its refusal to conduct a competency hearing. He also contends that the district court erred by refusing to depart downward from the United States Sentencing Guidelines and reduce his sentence based on his diminished capacity and the alleged coercion or duress that motivated him to commit his crimes. Finding no reversible error, we affirm.

A defendant is competent to stand trial if "he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam). Due Process requires that a hearing be held whenever the evidence raises a sufficient doubt about the accused's mental competency to stand trial. See Drape v. Missouri, 420 U.S. 162, 173 (1975). A competency ruling by a district court is a factual determination that we will not disturb absent clear error. See United States v. Lebron, 76 F.3d 29, 32 (1st Cir. 1996); cf. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

In this case, Smart provides no basis for concluding that the district court's competency determination was erroneous. On three separate occasions prior to trial, the district court granted defense counsel's requests for a mental examination, and on each occasion the examining physicians found Smart competent to stand trial. On one of these occasions, Smart underwent five weeks of testing and evaluation at Butner, North Carolina. The district judge, prior to trial, also personally questioned Smart in order to ascertain his mental condition, but saw no reason to substitute his judgment for that of the mental health professionals who had rendered opinions regarding Smart's mental condition. Accordingly, the district court's competency determination and decision not to conduct a competency hearing are affirmed.

2

Regarding Smart's challenge to his sentence, we note that a district court's refusal to depart from the guidelines is only reviewable if the court was under the mistaken impression that it lacked authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). In this case, the district judge declined to depart based on the opinions of mental health professionals that Smart understood his acts at the time of the offense, and based on his own credibility determination that Smart's claims of coercion and duress were not believable. Thus, the court clearly rejected Smart's request for departure on the merits, and not based on any misapprehension of its authority to depart.

The judgment order of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3