**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4629

MATTHEW JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-98-76)

Submitted: January 27, 2000

Decided: February 11, 2000

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

James S. Ellenson, Newport News, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Robert E. Bradenham, II, Assistant
United States Attorney, Billy B. Ruhling, II, Third Year Law Student,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Matthew Johnson was convicted of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994) and subsequently sentenced to 168 months imprisonment. On appeal, he maintains that the district court erred by: (1) allowing the testimony of a confidential informant pertaining to prior drug transactions between himself and Johnson; (2) applying a two-point enhancement for presence of a dangerous weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1998); and (3) refusing to grant a downward departure at sentencing on the ground that Johnson's criminal history was overrepresented.

We find that the district court did not abuse its discretion in allowing the testimony of the confidential informant concerning his prior drug transactions with Johnson under Fed. R. Evid. 404(b), see United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991), and that any error was harmless in light of the overwhelming evidence of guilt, see United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). Additionally, we find that the district court's two-point enhancement in Johnson's sentence for possession of a dangerous weapon was appropriate under the circumstances of this case. See USSG § 2D1.1, comment. (n.3). Last, the district court's decision not to depart from the guidelines is not subject to review when, as here, the district court's refusal is not based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

Accordingly, we affirm Johnson's conviction and sentence and dismiss that portion of the appeal that challenges the district court's decision not to depart from the guidelines. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

2