**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4477

JEANNIE KAY REED,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-98-29)

Submitted: December 29, 1999

Decided: March 1, 2000

Before MURNAGHAN and MICHAEL, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Randall Lowe, TATE, LOWE & ROWLETT, Abingdon, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony
P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeannie Kay Reed was convicted pursuant to her guilty plea of conspiracy to distribute marijuana. On appeal, Reed alleges that the district court considered improper factors in refusing to grant a further downward departure based on her substantial assistance to the Government. Reed also alleges that the district court should have granted an additional downward departure because her criminal history score overstated the seriousness of her past criminal conduct. Because the district court's decisions are not reviewable, we dismiss the appeal for lack of jurisdiction.

Reed and her husband were convicted for their part in a drug conspiracy, and Reed was initially sentenced to the statutory minimum of sixty months' imprisonment. Reed provided authorities with significant information concerning other members of the conspiracy pursuant to her plea agreement. As a result of her contributions, the Government made a motion for a downward departure under USSG § 5K1.1[1] at sentencing. Reed requested that her sentence be reduced to simple probation. She also moved for an additional downward departure based on her criminal history score. After a hearing, the district court granted the Government's motion, denied Reed's requests for further departures, and sentenced her to thirty months' incarceration.[2]

Where the district court recognizes that it has the authority to grant a motion for downward departure, its refusal to do so is not review-

_____

[1] **U.S. Sentencing Guidelines Manual** (1998).
[2] The court noted that Reed had already received significant reductions as a result of her plea agreement. Contrary to Reed's assertions, we find nothing improper in the district court's consideration of the benefits she received under the plea agreement.

2

able. See United States v. Bayerle, 898 F.2d 28, 29-31 (4th Cir. 1990). In the present case, the record clearly shows that the district court recognized its authority to grant Reed's requests, but felt that further departures were not warranted.**3**

We therefore dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____

**3 See also United States v. Patterson**, 38 F.3d 139, 146 (4th Cir. 1994) (extent of downward departure not subject to review).