# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                              No. 99-4364

DAVID M. SCATES,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-87)

Submitted: April 30, 2001

Decided: May 22, 2001

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jeffrey L. Everhart, RICE, EVERHART & BABER, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James B. Comey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

David M. Scates appeals his convictions and sentence for one count of cocaine possession, in violation of 21 U.S.C.A. § 844 (West 1999), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000).[1] Finding no reversible error, we affirm.

Scates first claims that the district court erred in denying his motion to suppress. This court reviews the district court's findings on a denial of a motion to suppress for clear error and its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Further, this court must construe the evidence in the light most favorable to the party who prevailed below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Scates argues that police officers unconstitutionally exceeded the scope of their legal entry of Scates' mother's house when they seized, without exigent circumstances, the home and its occupants for an hour pending issuance of a search warrant.[2] Therefore, Scates argues, all evidence gathered as a result of the warranted search of his room should be suppressed as fruit of the poisonous tree. *Id.* at 28.

In *Illinois v. McArthur*, 121 S. Ct. 946 (2001), the Supreme Court recently held that a police officer's refusal to allow the defendant to enter his residence without a police officer until a search warrant of the residence was secured was a reasonable seizure and therefore did not violate the Fourth Amendment. 121 S. Ct. at 950. The Court based its ruling on the following factors: (1) the police had probable cause to believe the home contained contraband based on the defendant's wife's reliable statements; (2) the police had good reason to fear that,

---

[1] The district court dismissed several other counts after trial in accordance with *United States v. Dunford*, 148 F.3d 385, 388-90 (4th Cir. 1998).

[2] Scates does not challenge the legality of the initial entry into his mother's home, the seizure of his person pursuant to the arrest warrant, or the search incident to his arrest.

unless restrained, defendant would destroy the drugs before they could return with a warrant; (3) the police made reasonable efforts to reconcile their law enforcement needs with the demands of personal privacy; and (4) the police imposed the restraint for a limited period of time, namely, two hours. *Id.* at 950-51. Applying these same factors in Scates' case, we find that the police officers' hour-long seizure was reasonable, and that it therefore did not violate the Fourth Amendment. We consequently find no reversible error in the district court's refusal to suppress the evidence.

Scates also claims that his prosecution by the United States rather than by the Commonwealth of Virginia under the policy commonly referred to as "Project Exile" violates his rights to due process and equal protection. Scates also claims error in the district court's denial of his motion to re-open the record and obtain discovery from the Government.

Scates has the due process right to "be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." *Batson v. Kentucky*, 476 U.S. 79, 85-86 (1986). However, Scates has no right to a jury of any particular racial composition so long as that jury is fairly selected from the jurisdiction it serves. *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975).

Scates offers no evidence that federal juries serving in the Eastern District of Virginia are selected in an unconstitutional manner. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Rather, Scates argues that the state and federal prosecutors' decision to try certain gun related cases in federal court rather than state court is unconstitutional because the effect of the transfer is to diminish minority representation on the jury. His contention, however, misconceives constitutional demands. The Sixth Amendment requires an impartial jury, not a representative one. *Holland v. Illinois*, 493 U.S. 474, 480 (1990).

Scates also fails to produce any evidence that Project Exile is intentionally aimed at altering the racial composition of the petit jury. Notwithstanding the purported "admission" of the Government that Scates was prosecuted in federal court to avoid a "Richmond jury," a desire to avoid a Richmond jury does not necessarily implicate race, and therefore is not conclusive on the issue of intentionally discrimi-

natory motives.[3] *United States v. Jones*, 36 F. Supp. 2d 304, 313 (E.D. Va. 1999). Scates' due process claim is therefore without merit.

Scates' corollary claim of error by the district court in denying his motion to re-open the record and obtain discovery is likewise without merit. To establish that he was entitled to discovery with respect to his race-based claims of prosecutorial misconduct, Scates must make a credible showing, by clear and convincing evidence, of different treatment of similarly situated persons of other races. *United States v. Armstrong*, 517 U.S. 456, 470 (1996). Scates has made no such showing, and instead submits public census data in support of his claim. Because statistical evidence of a disparate impact does not demonstrate an invidious purpose, Scates' claim fails. *McClesky v. Kemp*, 481 U.S. 279, 297 (1987).

Scates' equal protection claim is also without merit. Scates argues that under *Batson v. Kentucky*, 476 U.S. 79 (1986), because the effect of Project Exile is to have a venire drawn from a pool of people with a smaller percentage of African-Americans, the Equal Protection Clause is violated. This argument fails for two reasons.

First, the *Batson* rule and analysis are applicable only to the petit jury selection process as applied through peremptory jury strikes. *Batson*, 476 U.S. at 86-87. Moreover, even assuming *Batson* analysis applies, this court has held that a defendant is not entitled to a jury composed of individuals from any given race. *United States v. Nelson*, 102 F.3d 1344, 1350 (4th Cir. 1996). Thus, Scates has failed to demonstrate that Project Exile violates his due process or equal protection rights. *United States v. Nathan*, 202 F.3d 230, 233 (4th Cir.), *cert. denied*, 529 U.S. 1123 (2000).

---

[3]For example, the federal sentencing guidelines are mandatory, while the state guidelines are discretionary. *See Jones*, 36 F. Supp. 2d at 308. Also, while state judges are not strictly bound by the sentences recommended by a jury, the jury's recommended sentence becomes the ceiling above which the judge may not sentence. Federal judges are not so bound. *Id.* Finally, federal sentences are generally more harsh than counterpart state sentences. *Id.*

Scates' final claim is that the district court erred in denying his motion for a downward departure based upon, *inter alia*, the afore-mentioned objections to Project Exile. The record clearly demonstrates that the district court knew it had the power to depart, but after finding none of Scates' claims removed his case from the heartland of cases, decided not to. *Koon v. United States*, 518 U.S. 81, 95 (1996). We will not review a district court's refusal to grant a departure when the decision rests upon a determination that a departure is not warranted. *United States v. Wilkinson*, 137 F.3d 214, 230 (4th Cir. 1998); *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990).

We affirm Scates' convictions and sentence. We deny Scates' motion for appointment of new counsel. While we grant Scates' motion to amend his appeal by filing a pro se supplemental brief, we find the claims therein without merit. We further deny his motion to remand the case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*