UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                  No. 03-4096

MICHAEL F. KIMBLE, SR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-02-549)

Submitted: July 10, 2003

Decided: July 17, 2003

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

---

**COUNSEL**

William B. Moffitt, L. Barrett Boss, Peter B. Paris, ASBILL, MOF-
FITT & BOSS, CHTD., Washington, D.C., for Appellant. Paul J.
McNulty, United States Attorney, Michael J. Elston, Assistant United
States Attorney, D. Kyle Sampson, Special Assistant United States
Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael F. Kimble, Sr., pled guilty to identification theft, 18 U.S.C. § 1028(a)(7), (b)(1)(D) (2000), and the district court sentenced him to twelve months and one day imprisonment. Kimble appeals the imposition of a two-level upward adjustment for abuse of a position of trust under *U.S. Sentencing Guidelines Manual* § 3B1.3 (2002), and the sentencing court's failure to grant him a downward departure. We affirm in part and dismiss in part.

Kimble argues the district erred when it applied a two-level enhancement for abuse of a position of trust under USSG § 3B1.3. We review the application of the enhancement for clear error. *United States v. Godwin*, 272 F.3d 659, 671 (4th Cir. 2001). The determination of whether a defendant held a position of trust is examined from the victim's perspective. *Id.* The district court properly concluded Kimble held a position of trust with respect to the recruits who gave confidential and identifying information to the Army recruiting station Kimble commanded and with respect to the enlisted personnel who served under him. The district court did not clearly err in finding Kimble was in charge of the records and the confidentiality of those records. We further find that Kimble misled the postal inspector investigating the identity thefts, failed to report the investigation to the proper Army authorities and attempted to conceal his crime by paying the debts he created anonymously. Therefore, the district court did not clearly err in applying an upward adjustment for abuse of trust.

Kimble asserts that the district court abused its discretion in failing to grant a downward departure. We can review a district court's decision whether to depart downward only if the district court mistakenly believed it was without authority to depart. *United States v. Shaw*, 313 F.3d 219, 222 (4th Cir. 2002); *United States v. Bayerle*, 898 F.2d 28,

30-31 (4th Cir. 1990). There is nothing in this record to suggest that the court was unaware of its authority to grant a downward departure; therefore we conclude that this claim is not subject to appellate review. This portion of the appeal must be dismissed.

Accordingly, we affirm Kimble's sentence. We dismiss the portion of the appeal which contests the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*