**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4780

MARCUS L. SMITH, a/k/a Champ,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-95-10)

Submitted: June 12, 1997

Decided: June 24, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas M. Regan, MULLENS & REGAN, Elkins, West Virginia,
for Appellant. William D. Wilmoth, United States Attorney, Thomas
O. Mucklow, Assistant United States Attorney, Wheeling, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marcus L. Smith appeals from his sentence. Smith pled guilty to aiding and abetting interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3) (1994). The court sentenced him to sixty-months incarceration. On appeal, Smith claims that the court erred by denying his motion for a downward departure to home confinement, pursuant to United States Sentencing Commission, Guidelines Manual, § 5H1.4 (Nov. 1995), which allows for a downward departure based on an extraordinary physical impairment.

Smith was previously convicted for aiding and abetting in the distribution of cocaine within 1,000 feet of a school and sentenced to twenty-four months incarceration. Upon his release from custody he returned to a life of selling drugs.

While Smith was in custody of the Bureau of Prisons he was diagnosed with Human Immunodeficiency Virus (HIV). He also suffers from related ailments and other illnesses. The sentencing court reviewed Smith's extensive medical records. The court also heard testimony from a physician who had treated Smith since his initial federal incarceration. The physician confirmed Smith's condition as being HIV positive and terminal AIDS.

The sentencing court interpreted § 5H1.4 as permitting the court "the discretion to depart when the defendant's physical condition amounts to an extraordinary physical impairment." The court further found that Smith's medical treatment was not hampering his incarceration. Although the court recognized that Smith could receive comparable treatment at home, the court was concerned with the fact that Smith has been diagnosed with active AIDS and his prior history showed that after his prior release from prison he returned to selling drugs. The court denied the downward departure, stating that such a

2

departure "would open up too great a degree to satisfy this Court the possibility that [Smith] would do the only thing [he knew] how to do and that's sell drugs."

A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). There is no evidence in this case that the court was mistaken as to its authority to depart from Smith's guideline range. It is clear in this case that the sentencing judge was aware that she could grant a departure under appropriate circumstances, but found that Smith's health problems were not extraordinary enough to warrant such action. See United States v. Jones, 18 F.3d 1145, 1147-48 (4th Cir. 1994). Hence, we will not review her decision not to depart downward.

Accordingly, we affirm Smith's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3