**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 96-4957

ROBERT RAYMOND MAGNUSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Chief District Judge.
(CR-96-186-A)

Submitted: June 30, 1997

Decided: July 24, 1997

Before HALL, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Christopher C. Finch, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Jack Hanly, Assistant United States
Attorney, Thomas G. Connolly, Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Raymond Magnuson pled guilty to one count of mail fraud, 18 U.S.C. § 1341 (1994), and one count of computer fraud, 18 U.S.C.A. § 1030 (West Supp. 1997). He appeals his 24-month sentence, alleging that the district court clearly erred in finding that he abused a position of trust, USSG § 3B1.3,* and in determining the total amount of loss, USSG § 2F1.1. He further contends that the court erred in not finding that his was an incomplete offense worthy of a sentence reduction under USSG § 2X1.1, and that the court should have departed downward for diminished capacity, USSG § 5K2.13, p.s. We affirm in part and dismiss in part.

In August 1995, Magnuson was terminated from his temporary job as a computer network analyst with INET Corporation in Bethesda, Maryland, a company which managed computer systems on contract. During his employment, Magnuson worked on problems with the computer system of the Devereaux Foundation (Devereaux), using both a generic password and a personal password assigned to him. After he was fired by INET, Magnuson used his home computer and the generic password for the Devereaux system (which had not been changed) to enter the Devereaux network and disable computer servers at Devereaux Centers in seven states. It required 136 hours of work by Devereaux employees and 112 hours of work by INET employees to correct the problems Magnuson caused.

In February 1996, while working as a computer systems analyst at the National Corporation for Housing Partnerships (NHP) in Reston, Virginia, Magnuson gathered information about former and present employees of NHP. Using this information, Magnuson applied for

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1996).

2

thirty-five credit cards. Before he was arrested in April 1996, Magnuson received two credit cards with a combined credit limit of $6300. Ten fraudulent applications he submitted to Greenwood Trust bank for Discover cards were rejected. Another ten fraudulent credit card applications to other credit card issuers were also rejected.

In sentencing Magnuson, the district court found that he had abused a position of trust when he used his knowledge of the Devereaux Foundation's generic password to damage its computer system. USSG § 3B1.3. The factors to be considered in determining whether a defendant abused a position of trust are: (1) whether a defendant had special duties or access to information not available to other employees, (2) to what degree the defendant was supervised or had managerial discretion, (3) and whether this defendant is more culpable than others who hold similar positions and may commit crimes. United States v. Gordon, 61 F.3d 263, 269 (4th Cir. 1995) (citations omitted). The question is viewed from the perspective of the victim. Id. Magnuson argues that he had only the computer skills necessary to do his work, that the access code simply allowed him to log into the Devereaux computer system for that purpose, and that his criminal conduct was readily detectable. The last contention is true only because his motive was revenge and a desire to display his computer skills. The district court did not clearly err in deciding that the adjustment applied because Magnuson was given a special password which permitted him broad access to the Devereaux computer system, access not available to all users of the system. Magnuson abused this trust.

Magnuson claims that the district court erred in deciding the total amount of loss for both offenses. With regard to the mail fraud, he disputes the $23,000 intended loss assigned to the 23 Discover card applications which he submitted. Magnuson alleges that the district court erred in using the minimum credit limit of $1000 which each card would have carried had it been approved because the amount was too speculative. However, the information as to the credit limit came from the card issuer and the district court did not clearly err in using it.

On the computer fraud count, Magnuson argues that the district court erred in accepting the estimate of Lawrence Liss, Director of Information Systems for the Devereaux Foundation, as to the loss

3

incurred by Devereaux and INET for the hours spent by their employees in correcting the damage Magnuson caused to Devereaux's computer system. Liss used the maximum hourly rate of $50 per hour paid by Devereaux, although some of the employees made less than that, to account for Devereaux's indirect costs. He used the hourly rate INET normally charged Devereaux rather than the lower rates the INET employees were paid, even though INET did not bill Devereaux for the repair work. Magnuson maintains that the district court should have used a rate of $32.50 per hour for Devereaux employees and $35.00 per hour for INET employees, because it would be "just as reasonable" as the Liss estimate. Loss in a fraud case need not be determined with precision. USSG § 2F1.1, comment. (n.8). We cannot say that the district court clearly erred in accepting the victims' estimate of the labor costs resulting from the offense.

Next, Magnuson contends that the court erred in refusing to reduce his offense level under USSG § 2X1.1 on the ground that the mail fraud constituted a smaller completed fraud within a larger uncompleted fraud. See United States v. Mancuso, 42 F.3d 836, 850 (4th Cir. 1994) (incomplete bank fraud); USSG § 2F1.1, comment. (n.9). Section 2X1.1 provides for a three-level reduction of the base offense level for the underlying offense in a partially completed fraud. The district court found that Magnuson had completed the offense of mail fraud, and that the case was controlled by United States v. Williams, 81 F.3d 1321, 1328 (4th Cir. 1996), which holds that the loss resulting from a completed offense includes intended loss. See USSG § 2F1.1, comment. (n.7). We find that the court correctly applied the guideline. Magnuson was not convicted of attempted credit card fraud. He completed the offense of mail fraud when he submitted fraudulent application forms in an effort to obtain at least the minimum credit available on each card he sought. Thus, the minimum amount of credit which he fraudulently sought to obtain was the correct measure of the intended loss. See United States v. Carrington, 96 F.3d 1, 7 (1st Cir. 1996) (section 2X1.1 does not provide reduction for uncompleted harm; it applies only when defendant has not completed substantive offense), cert. denied, ___ U.S. #6D 6D6D#, 65 U.S.L.W. 3648 (U.S. Mar. 24, 1997) (No. 96-8027).

Finally, Magnuson seeks to appeal the district court's decision not to depart downward for diminished capacity. The district court's deci-

4

sion is not reviewable on appeal. <u>United States v. Bayerle</u>, 898 F.2d 28, 31 (4th Cir. 1990).

We therefore affirm the sentence imposed but dismiss that portion of the appeal which challenges the district court's decision not to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, DISMISSED IN PART</u>

5