UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4166

SEAN LAMONT DUDLEY, a/k/a John
D. Brown,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-97-1-V)

Submitted: October 9, 1998

Decided: October 29, 1998

Before ERVIN, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard A. Culler, CULLER & CULLER, Charlotte, North Carolina,
for Appellant. Timika Shafeek, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sean Lamont Dudley was convicted pursuant to his guilty pleas of conspiracy to possess with intent to distribute cocaine and possession of cocaine with intent to distribute and aiding and abetting in the same. On appeal, he alleges that the district court erred by enhancing his base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1,[1] that he was entitled to a reduction in his base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, that the district court should have granted his motion for downward departure pursuant to U.S.S.G. § 4A1.3 because his criminal history score overstated his prior criminal misconduct, and that defense counsel rendered ineffective assistance by failing to object to the legitimacy of the prior convictions used to enhance Appellant's sentence. Finding no reversible error, we affirm.

Dudley and his three codefendants were stopped by a state trooper pursuant to a routine traffic stop. Because of the suspicious way in which the occupants of the vehicle acted and the conflicting answers they gave to simple questions,[2] the officer asked for and received permission to search the vehicle. The trooper found a kilogram of cocaine in a hidden compartment in the trunk, and a later search resulted in the discovery of a second kilogram. Large amounts of cash were also found on two of the passengers. During the ensuing investigation, Dudley maintained that the drugs belonged to him and that the other defendants, who were all related to him, knew nothing about them. Dudley pled guilty, and the other defendants proceeded to trial, where they were convicted despite Dudley's exculpatory testimony.

We review the district court's factual finding that Dudley committed perjury during his testimony at his codefendants' trial, and there-

_____

[1] **U.S. Sentencing Guidelines Manual** (1997).
[2] The occupants of the vehicle appeared very nervous and gave false names. They also gave conflicting stories concerning where they had come from, where they were going, and who they were going to see. The defendants could not give addresses or telephone numbers for the people they were allegedly going to visit or for themselves.

fore obstructed justice, for clear error[3] and find none. An enhancement for obstruction of justice is appropriate if the defendant willfully commits perjury in an attempt to impede the investigation or prosecution of the instant offense.[4] Dudley alleges that the district court found that he committed perjury simply because his co-defendants were convicted. We disagree. The judge who sentenced Dudley also presided over the trial of his codefendants. The court heard the testimony and evidence in both cases and determined that Dudley lied concerning his relatives' knowledge about the drugs in an attempt to protect them. We find that the record supports this decision.[5]

Because the enhancement for obstruction of justice was appropriate, a downward adjustment for acceptance of responsibility could be justified only in exceptional circumstances.[6] Since we find no such circumstances here, the district court properly denied Dudley's motion. We reject Dudley's assertion that his case is extraordinary because he pled guilty and admitted that the drugs belonged to him. The district court properly found that the adjustment was not warranted because Dudley's refusal to concede his relatives' involvement constituted a failure to admit to all of his criminal misconduct.[7]

The district court's decision not to grant a downward departure is not reviewable, unless the court erroneously believed that it lacked the authority to depart.[8] Contrary to Dudley's assertions, we find that the court recognized its authority in this area and found that a departure was not warranted under the facts of this case. We find that the

---

[3] See **United States v. Murray**, 65 F.3d 1161, 1165 (4th Cir. 1995).

[4] See U.S.S.G. § 3E1.1, comment. (n.3(b)).

[5] Certainly, a reasonable fact finder could conclude that Dudley's code-fendants were aware of the presence of drugs based on their suspicious actions, conflicting answers, family relationship, and the amount of cash found on two of them, and that Dudley's weak attempts to deny their involvement were made to deceive investigators and the jury.

[6] See U.S.S.G. § 3E1.1, comment. (n.4).

[7] See **United States v. Gordon**, 895 F.2d 932, 936 (4th Cir. 1990) (defendant must accept responsibility for all of his misconduct to receive the adjustment).

[8] See **United States v. Bayerle**, 898 F.2d 28, 30-31 (4th Cir. 1990).

court's comment that it did not have the power to overturn Congress referred to the fact that departures are only appropriate if the case falls outside the heartland contemplated by the Guidelines. Since Dudley's case did not meet this requirement, there was no basis for a departure.

Finally, we review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. Id. In the present case, we find that the record does not support Dudley's allegations that his counsel was ineffective. U.S.S.G. § 4A1.2(o) expressly states that state felony convictions are considered in determining career offender status.

We therefore affirm Dudley's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Dudley's motion to file a pro se supplemental brief is granted.

AFFIRMED

4