**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 98-4137

JESSE WILLIS THURSTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Samuel G. Wilson, Chief District Judge.
(CR-93-105-H)

Submitted: October 20, 1998

Decided: November 17, 1998

Before NIEMEYER and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory W. Bowman, CHASLER & BOWMAN, P.L.C., Winchester,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Ruth E. Plagenhoef, Assistant United States Attorney, Roanoke, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jesse Willis Thurston, Jr., was convicted pursuant to his guilty plea of possession of firearms by a convicted felon. On appeal, he alleges that the district court erred by refusing to order that his sentence run concurrent to a prior, discharged federal sentence, or, in the alternative, granting his motion for a downward departure pursuant to USSG § 5K2.0.**1** Finding no reversible error, we affirm.

In late 1991 and 1992, law enforcement officers in Texas broke up a large drug conspiracy. Thurston was identified as a distributor for the conspiracy in Virginia. United States Marshals arrived at Thurston's residence in January 1993 to serve him with an arrest warrant for the Texas conspiracy. While serving the warrant, officers found evidence of other crimes, including numerous weapons, drugs, and drug paraphernalia. Thurston was convicted of conspiracy in the Southern District of Texas in 1993, and he completed his term of imprisonment in December 1995. None of the evidence found in his home was used against Thurston in his Texas conviction or sentence.

In June 1993, Thurston was named in a three-count indictment in the Western District of Virginia based on the evidence found in his home. There was no mention of the Texas conspiracy in the indictment. In October 1994, Thurston pled guilty to one count of using or carrying a firearm during and in relation to a drug trafficking offense pursuant to 18 U.S.C. § 924(c) (1994), and he was sentenced to sixty months' imprisonment to be served consecutively with the Texas sentence. Following the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), Thurston filed a motion to vacate his sentence under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), challenging the validity of his guilty plea. The district court agreed that

_____

**1** U.S. Sentencing Guidelines Manual (1997).

2

relief was warranted under Bailey, but advised Thurston that the other counts in the indictment carried more severe penalties and that he might be exposed to a greater term of imprisonment as a result of a successful motion.

Thurston insisted on withdrawing his guilty plea, and the district court reinstated the indictment and ordered a new trial. In November 1997, just prior to trial, Thurston pled guilty to possession of firearms by a convicted felon. At sentencing, Thurston argued that the sentence for his felon in possession conviction should run concurrent to his Texas sentence pursuant to USSG § 5G1.3(b). However, defense counsel conceded that USSG § 5G1.3(b) did not apply because the Texas sentence had been fully discharged. Thurston argued in the alternative that the court should grant him a downward departure pursuant to USSG § 5K2.0 to achieve the same result.[2] The district court denied the motion, and Thurston filed a timely notice of appeal.

A district court's decision not to grant a downward departure is not reviewable on appeal unless the court erroneously believed that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Thurston alleges that the district court had such a belief because the court stated that its "hands [were] tied." We disagree. It is clear from the context of the entire sentencing hearing and the court's prior orders that the court was merely commenting on the fact that it did not find any basis for a departure and that it had warned Thurston that he was likely to face a longer prison term by withdrawing his guilty plea. The court heard arguments from both sides and properly determined that Thurston's situation (i.e., a remand after a successful § 2255 motion) was not unusual enough to warrant a departure.

We further find that the district court properly refused to give Thurston credit for the Texas sentence pursuant to USSG § 5G1.3(b). Since the Texas sentence had been completely discharged, USSG § 5G1.3(b) did not apply. See United States v. McHan, 101 F.3d 1027, 1040 (4th Cir. 1996), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3826

_____

**2** Thurston's basic argument was that he should not be exposed to a longer prison term after mounting a successful collateral attack on the validity of his first guilty plea.

3

(U.S. June 16, 1997) (No. 96-8994). We also reject Thurston's contention that had <u>Bailey</u> been available at the time of his first guilty plea, he would have pled guilty to the felon in possession charge and been eligible for a concurrent sentence either through USSG § 5G1.3(b) or a downward departure. We find this assertion highly speculative and conclusory. Moreover, USSG § 5G1.3(b) still would have been unavailable because the two convictions were completely separate.

We therefore affirm Thurston's conviction and sentence. The Government's unopposed motion to decide the case on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4