UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 98-4310

ORESTES M. VERGE, II,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-97-580)

Submitted: November 3, 1998

Decided: December 1, 1998

Before MURNAGHAN and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Albert Peter Shahid, Jr., Charleston, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Scott N. Schools, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Orestes M. Verge, II, was convicted pursuant to his guilty pleas of one count of armed bank robbery and one count of using a firearm during a crime of violence. On appeal, he alleges that the district court erroneously enhanced his base offense level by two levels for reckless endangerment during flight pursuant to USSG § 3C1.2[1] and that he was entitled to a downward departure because his criminal history score over-represented his criminal history. Finding no error, we affirm.

Verge and a co-defendant robbed a bank at gunpoint. Verge admitted that he drove the getaway vehicle. He also admitted that he drove at speeds exceeding eighty-five miles per hour through residential areas and on the interstate and ran a red light in an effort to elude police. In addition, Verge stated that he saw what he believed to be a police car make a u-turn and pursue him shortly after the robbery. The Government presented evidence showing that a local police officer, who was responding to the robbery, observed a car matching the description of the getaway vehicle.[2] As he drove past the vehicle, the occupants ducked their heads so he could not identify them. As the officer made a u-turn to follow the vehicle, it accelerated away at a high rate of speed. The officer stated that his vehicle, which had its lights and siren on, reached speeds in excess of ninety-five miles per hour during the chase and that he was unable to keep up with the suspects' vehicle. The officer also observed the vehicle run a red light, with other vehicles present, weave in and out of traffic, and drive on both shoulders. The officer stated that he lost the vehicle at the same exit Verge admitted he took during his getaway. Law enforcement officers eventually apprehended Verge's co-defendant, who identified Verge as his accomplice.

_____

[1] **U.S. Sentencing Guidelines Manual** (1997).

[2] The officer was unavailable to testify at trial. The Government presented the officer's testimony through a FBI agent who interviewed the officer prior to trial. We also note that the vehicle spotted by the officer matched the description of the vehicle Verge admitted he drove following the robbery.

Verge alleges that the district court improperly enhanced his sentence under USSG § 3C1.2 for reckless endangerment during flight.**3** We review the court's determination that Verge's actions while being pursued by the officer constituted reckless conduct for clear error and find none. See United States v. Chandler, 12 F.3d 1427, 1433 (7th Cir. 1994). The evidence presented showed that Verge drove erratically and at a high rate of speed, at times through a residential area, while trying to elude the officer. His willful, reckless conduct during flight clearly could have caused injury to others. We reject Verge's assertion that the Government failed to prove that he was the driver of the vehicle the officer pursued. The record supports the district court's conclusion that the officer's description of the events so closely matched Verge's admissions following his apprehension that the two vehicles were the same.

We find meritless Verge's assertion that the district court erred by failing to grant him a downward departure based on his belief that his criminal history score significantly over-represented the likelihood that he would commit crimes in the future. The district court heard arguments on this issue and denied Verge's motion on the merits. Since the district court recognized its authority to depart on this basis, its refusal to do so is not reviewable on appeal. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

We therefore affirm Verge's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**3** This section provides for a two-level increase in a defendant's base offense level if he "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."

3