**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 99-4377

LESTER LEROY MILLOWAY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CR-97-98)

Submitted: December 22, 1999

Decided: January 10, 2000

Before MURNAGHAN and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, Michael
G. James, Assistant United States Attorney, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lester Leroy Milloway appeals from his conviction and sentence imposed for conspiracy to possess with intent to distribute marijuana, 21 U.S.C.A. § 846 (West 1999), possession with intent to distribute marijuana and aiding and abetting others in that offense, 21 U.S.C.A. § 841 (West 1999) and 18 U.S.C. § 2 (1994), and using and carrying a firearm during and in relation to a drug trafficking offense and aiding and abetting in connection with that offense, 18 U.S.C. § 2; 18 U.S.C.A. § 924(c) (West Supp. 1999). We affirm in part and dismiss in part.

On appeal, he contends that the district court abused its discretion in allowing the admission of evidence that a prosecution witness miscarried during the robbery. The few references to the miscarriage were admitted prior to Milloway's stipulation as to the date of the offense and were relevant to show that the prosecution was timely initiated. See 18 U.S.C. § 3282 (1994). We find no abuse of discretion in allowing such evidence. See United States v. Abel, 469 U.S. 45, 54-55 (1984); United States v. Wells, 163 F.3d 889, 895 (4th Cir. 1998), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3225 (U.S. Oct. 4, 1999) (No. 98-9598).

We also find no abuse of discretion in the district court's refusal to allow defense counsel to question a co-defendant about his proposed plea agreement concerning pending homicide charges. Because the plea had not yet been accepted by a court, it did not constitute a conviction. See Fed. R. Evid. 609; Davis v. Alaska, 415 U.S. 308, 316 (1974). Also, the district court advised that counsel could recall the co-defendant and pursue the inquiry after first laying a proper foundation through Milloway's testimony. Counsel chose not to do this. Further, because the co-defendant had testified about his convictions for a number of violent crimes, evidence of the proposed plea to the homicide charge was not necessary to impeach him on this basis.

2

Milloway also argues on appeal that the district court erred in refusing to admit evidence of the violent character of a co-defendant. Because none of the exceptions to the general rule of inadmissibility of character evidence apply to the proffered testimony as to the co-defendant's character, we find no abuse of discretion. See Fed. R. Evid. 404(a); United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996). Also, because the co-defendant was not a witness in Milloway's trial, the testimony was not admissible under Rule 608.

We find no clear error by the district court in denying Milloway a sentencing reduction for acceptance of responsibility. Throughout the proceedings, Milloway contested his intent to commit the robbery, and he put the government to the burden of proving his guilt. The jury rejected Milloway's defense of coercion and returned a guilty verdict. We find that Milloway did not meet his burden of proving his entitlement to a reduction for acceptance of responsibility, see United States v. Harris, 882 F.2d 902, 907 (4th Cir. 1989), and that the district court's denial of a reduction on this basis was not clearly erroneous. See United States v. Gordon, 895 F.2d 932, 937 (4th Cir. 1990).

Lastly, Milloway contends that the district court erred in not granting him a downward departure for serious coercion or duress. The decision not to grant a downward departure is unreviewable unless the district court incorrectly believed that it lacked the authority under the guidelines to depart. See United States v. Burgos, 94 F.3d 849, 876 (4th Cir. 1996); United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). We find no evidence that the district court believed it lacked the power to depart on this basis; therefore, this issue is not reviewable.

In conclusion, we affirm Milloway's conviction and sentence. We dismiss that portion of the appeal in which Milloway challenges the district court's decision not to grant a downward departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART