**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4108

EDWARD LEE BURNETTE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-219)

Submitted: August 24, 2000

Decided: August 31, 2000

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Beverly M. Murray, Petersburg, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Nicholas S. Altimari, Assistant United
States Attorney, J. Robert Bryden, II, Third-Year Law Student, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Edward Lee Burnette of bank robbery and the district court sentenced him to 72 months' imprisonment. Burnette appeals his conviction and sentence alleging insufficient evidence to sustain his conviction and error at sentencing. We affirm.

Burnette asserts insufficient evidence was presented at trial to identify him as the bank robber. When assessing the sufficiency of the evidence of a criminal conviction on direct review,"[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). Further, it is well established that a jury's determination regarding witness credibility is not reviewable on appeal. See United States v. Saunders , 886 F.2d 56, 60 (4th Cir. 1989).

After hearing testimony from the victim bank teller who identified Burnette both in court and from a photographic line-up, Burnette's sister and girlfriend (who both identified him as the man pictured in the bank's surveillance camera photographs taken during the robbery), and a former employer (who also identifed Burnette as the man pictured in the photograph taken during the robbery), the jury clearly resolved any identification issue against Burnette. Accordingly, viewing the evidence in the light most favorable to the Government, we conclude there was sufficient evidence supporting the jury verdict.

Burnette also asserts the court erred in denying him a downward departure under the Sentencing Guidelines on the ground that his criminal history category was exaggerated by minor offenses. A sentencing court's denial of a request for a downward departure is reviewable only when the sentencing court based its decision on "the mistaken view that it lacked the authority to depart." United States v.

2

<u>Bayerle</u>, 898 F.2d 28, 31 (4th Cir. 1990). Burnette does not argue that the court mistakenly believed it lacked the authority to depart, and the record indicates the court was aware of its authority to depart but simply declined to do so. Accordingly, this claim is not reviewable.

We therefore affirm Burnette's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3