UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CHARLES LEON LOYE,
          *Defendant-Appellant.*

No. 00-4417

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-284)

Submitted: November 9, 2000

Decided: December 1, 2000

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A jury convicted Charles Leon Loye of being a felon in possession of a firearm. On appeal, he alleges that the district court erred by refusing to grant his motion for a downward departure. Because this decision is not reviewable, we dismiss the appeal.

It is undisputed that Loye was convicted of a felony in 1986. It is also undisputed that Loye pawned a shotgun and was arrested when he went to reclaim the weapon. Loye testified at trial that he thought he was only prohibited from owning a firearm.* At trial, Loye argued that he was entitled to a downward departure for three reasons: (1) his actions were spontaneous and a single act of aberrant behavior; (2) his positive adjustment during the ten years he was on parole and the specific circumstances of his actions took the case outside the "heartland" of the Guidelines; and (3) his age, employment record, family ties, and various other factors, taken in combination, were sufficient to warrant a departure.

A district court's refusal to grant a downward departure is not reviewable on appeal unless the court erroneously believed that it lacked the authority to depart. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). The record here clearly shows that the district court recognized that it had the authority to grant Loye's motion, but declined to do so under the circumstances.

Accordingly, we dismiss Loye's appeal. The Government's motion to dismiss is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*DISMISSED*

---

*The shotgun belonged to a neighbor, who consented to the pawning of the weapon.