UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MICHAEL PERRY, a/k/a Get Lucky 99,
        *Defendant-Appellant.*

No. 00-4362

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-99-442-MJG)

Submitted: December 20, 2000

Decided: January 11, 2001

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Michael Perry, Appellant Pro Se. Lynne Ann Battaglia, United States Attorney, Bonnie S. Greenberg, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Perry pled guilty to one count of transmitting child pornography, in violation of 18 U.S.C.A. § 2252A(a)(1) (West 2000), and one count of interstate travel with intent to engage in a sexual act with a minor, in violation of 18 U.S.C.A. § 2423(b) (West 2000). He was sentenced to concurrent terms of 63 months' imprisonment and 3 years' supervised release. Both statutes carry a maximum term of 15 years' imprisonment. *See* 18 U.S.C.A. §§ 2252A(b), 2423(b). On appeal, Perry contends that his intention to produce a visual depiction of the proposed sexual activity was an element of the offenses that needed to be in the indictment and proven beyond a reasonable doubt. He further contends that the district court clearly erred by finding that he had the intention to produce a visual depiction of the proposed sexual activity. Perry also contends that the district court erred by not departing downward for diminished capacity pursuant to *U.S. Sentencing Guidelines Manual* § 5K2.13 (1998). We affirm the convictions and sentences.

The district court's finding at sentencing that Perry intended to produce a visual depiction of the proposed sexual activity did not increase Perry's maximum statutory sentence for either conviction. Thus, the court did not err by making this finding by a preponderance of the evidence at sentencing. *See, e.g.*, *Apprendi v. New Jersey*, 530 U.S. \_\_\_, 68 U.S.L.W. 4576 (June 26, 2000) (any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of prior conviction, must be submitted to the jury and proved beyond a reasonable doubt).

The district court's factual findings at sentencing are reviewed for clear error. *United States v. Jones*, 31 F.3d 1304, 1315 (4th Cir. 1994). This Court is reluctant to overturn the district court's factual findings. *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994). We find that the court's finding that Perry intended to produce a visual depiction of the sexual activity was not clearly erroneous.

Because the district court knew that it had the authority to depart downward from the sentencing guidelines for diminished capacity and

found that a departure was not warranted, we cannot review the claim. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990).

Accordingly, we affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*