UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RAMONA HOLCOMBE, a/k/a Mona
Holcombe,

            *Defendant-Appellant.*

No. 01-4101

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-98-152)

Argued: November 2, 2001

Decided: December 10, 2001

Before WILKINSON, Chief Judge, and WILLIAMS and
MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Stephen Godfrey Jory, JORY & SMITH, L.C., Elkins,
West Virginia, for Appellant. Philip Henry Wright, Assistant United
States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** Charles T. Miller, United States Attorney, Charleston, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Ramona Holcombe was convicted for her involvement in an investment fraud scheme. The district court rejected Holcombe's request for a downward departure and sentenced Holcombe to ninety-seven months in prison. Holcombe appeals both her conviction and sentence. Because the evidence at trial was sufficient for a reasonable jury to convict Holcombe and because we conclude that the district court's refusal to grant a downward departure is not reviewable on appeal, we affirm the judgment of the district court.

I.

Defendant Ramona Holcombe was involved in a wide-ranging investment fraud scheme.* Holcombe was charged with, *inter alia*, wire fraud, securities fraud, and money laundering. Holcombe and three of her co-defendants were tried before a jury in Huntington, West Virginia. The jury returned guilty verdicts against Holcombe and her co-defendants on all counts of the indictment.

Prior to sentencing, Holcombe requested a downward departure from the Sentencing Guidelines for three reasons: (1) she had extraordinary family circumstances, based on the ill-health of her husband and the advanced age of her mother; (2) she had already made restitution to many of the victims of her crimes and did not personally benefit from the illegal acts; and (3) her conduct fell outside the "heartland" of the money laundering sentencing guideline range, because she had been involved only with the fraud aspects of the debenture trading programs and not the money laundering.

---

*We affirmed the convictions and sentences of three of Holcombe's co-conspirators in *United States v. Bollin*, 264 F.3d 391 (4th Cir. 2001).

The district court rejected Holcombe's arguments for a downward departure. First, the court specifically noted that it had the authority "to depart downward based upon exceptional family responsibilities," but denied her request because it did not believe "that the exceptional circumstances are sufficient here to justify a departure so dramatic that the defendant would be allowed to remain at home where she could care for her [husband] and her mother." Similarly, the court rejected Holcombe's arguments for a departure based on her attempts to repay investors and her lack of personal gain, finding that Holcombe had received some gain and had not made an "extraordinary" effort to repay the victims. Finally, the district court found that Holcombe's offense conduct did not fall outside the heartland of the money laundering sentencing guidelines. The court then sentenced Holcombe to ninety-seven months in prison. Holcombe appeals.

## II.

### A.

Holcombe alleges that the evidence at trial was insufficient to sustain her conviction. When assessing the sufficiency of the evidence, we review the evidence in the light most favorable to the United States to determine whether any rational juror could have found the defendant guilty beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (citing *Glasser v. United States*, 315 U.S. 60, 80 (1942)). A defendant bears a "'heavy burden'" in attacking the sufficiency of the evidence. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (citing *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995)).

We have reviewed the evidence presented for each count of the indictment, read the briefs, and listened to oral argument. We are convinced that the evidence at trial was sufficient to sustain Holcombe's conviction on each count. Therefore, we affirm Holcombe's conviction.

### B.

Holcombe also asserts that the district court abused its discretion by not departing downward in the calculation of her sentence. How-

ever, because there is no evidence that the district court mistakenly believed it lacked the authority to make a departure on the grounds asserted, the district court's decision declining to depart downward is not reviewable on appeal. *See, e.g.*, *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990).

In this case, the district court specifically acknowledged its ability to depart for extraordinary family circumstances. The court nevertheless found that a departure was not warranted for Holcombe's situation. The district court also reviewed the facts pertinent to Holcombe's argument that she had not personally benefitted from her crimes and that she had made restitution to the victims. The court concluded that Holcombe had received some financial gain from her crimes and that she had not made extraordinary efforts to repay the victims. By reviewing the evidence and then rejecting Holcombe's argument, the district court evidenced the fact that it was aware of its authority to depart on this ground. Therefore, the district court's decision not to depart on either ground is not reviewable on appeal. *See Bayerle*, 898 F.2d at 30-31.

In addition, Holcombe contends that the sentencing guideline level determined by the district court seriously overstates her conduct and that she is entitled to an "outside the heartland" adjustment. The district court rejected this argument and found that fraud-based money laundering was within the heartland of the sentence for money laundering. The district court also reviewed the specific facts and rejected Holcombe's argument that she was guilty only of fraud. The court concluded that Holcombe's case did not warrant a downward departure. In making this particularized assessment, the district court did not abuse its discretion or make an error of law.

### III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.