**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JUAN HERNANDEZ-ROMAN,
　　　　　*Defendant-Appellant.*

No. 02-4188

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-01-276)

Submitted: January 31, 2003

Decided: March 10, 2003

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

J. Darren Byers, J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Juan Hernandez-Roman appeals his conviction and sentence for illegal reentry by a deported alien in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Finding no reversible error, we affirm.

Hernandez-Roman pled guilty to illegal reentry. The district court sentenced him to forty-eight months imprisonment, followed by three years supervised release. In accordance with § 1326(b) and *U.S. Sentencing Guidelines Manual* § 2L1.2(b)(1)(A) (2000), Hernandez-Roman's sentence was enhanced because of his prior conviction of an aggravated felony. Hernandez-Roman asserts that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the aggravated felony was an element of the offense that had to be charged and proved beyond a reasonable doubt. The Supreme Court held to the contrary in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and the *Apprendi* Court did not overrule that holding. 530 U.S. at 489-90. *See United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.), *cert. denied*, 122 S. Ct. 2606 (2002) (holding that *Almendarez-Torres* was not overruled by *Apprendi*).

We also reject Hernandez-Roman's argument that his felony was not serious enough to be an aggravated felony under USSG § 2L1.2(b)(1)(A). He acknowledges that he was convicted of a felony for which he received a two-year sentence, and that he was an active participant in the sale of three grams of cocaine base to a confidential informant. The guideline refers to 8 U.S.C. § 1101(a)(43) (2000), which defines aggravated felony as "illicit trafficking in a controlled substance." Thus, Hernandez-Roman's prior conviction requires a sixteen-level enhancement of his base offense level.

Finally, Hernandez-Roman asserts that the district court abused its discretion in failing to grant a downward departure. We can review a district court's decision whether to depart downward only if the district court mistakenly believed itself without authority to depart. *United States v. Shaw*, 313 F.3d 219, 222 (4th Cir. 2002); *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). There is nothing in this record to suggest that the court was unaware of its authority

to grant a downward departure; therefore we conclude that this claim is not subject to appellate review.

Accordingly, we affirm Hernandez-Roman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*