**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4613**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AARON LAMONT DAWKINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-01-223-HO)

Submitted: March 8, 2004          Decided: March 16, 2004

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Camille M. Davidson, THE FULLER LAW FIRM, P.C., Charlotte, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Aaron Lamont Dawkins appeals his guilty plea conviction for one count of attempted murder, in violation of 18 U.S.C. § 1113 (2000). Dawkins' plea agreement waives all rights to appeal except the right to appeal from an upward departure or an appeal based upon grounds of ineffective assistance. Dawkins now seeks to appeal his sentence. The Government has filed a motion to dismiss the appeal.

Dawkins asserts that his trial counsel rendered ineffective assistance, which resulted in an excessive sentence. To succeed on a claim of ineffective assistance on direct appeal, a defendant must show conclusively from the face of the record that counsel provided ineffective representation. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To establish a violation of the Sixth Amendment due to ineffective assistance of counsel, Dawkins must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that he was prejudiced by counsel's unprofessional errors. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). We conclude that Dawkins has not shown conclusively from the face of the record that counsel provided ineffective representation. Richardson, 195 F.3d at 198. Instead, he openly concedes that his trial counsel's actions did not amount to ineffective assistance. Accordingly, although we deny the

- 2 -

motion to dismiss as to this claim, we affirm Dawkins' conviction and sentence as to this claim.

Next, Dawkins contends that the district court erred by denying him a downward departure pursuant to U.S. Sentencing Guidelines Manual §§ 5K2.0, 5K2.13 (2002).  However, based on the waiver contained in Dawkins' plea agreement, he is precluded from raising this claim on appeal.  Moreover, the district court's decision not to depart from the sentencing guidelines is not subject to appellate review, as the court clearly understood that it had the authority to depart, but chose not to.  See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).  Accordingly, we grant the Government's motion to dismiss this claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;

DISMISSED IN PART